UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ROSIA L. SCOTT | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-311 |
| | ) | |
| EASTMAN CHEMICAL COMPANY | ) | |
| | ) | |

## MEMORANDUM OPINION

The plaintiff's complaint alleging sexual discrimination and retaliation in violation of Title VII the plaintiff is before the Court to address the Motion For Summary Judgment filed by the defendant. [Doc. 17].

### I. FACTUAL BACKGROUND:

In viewing the facts in the light most favorable to the plaintiff, the following sets forth the background of this dispute:

The plaintiff has been employed with the defendant for over 28 years, serving most of that employment as a general mechanic. Over the course of her employment she has received a few promotions and salary increases.

In 1995, Eastman began a Team Manager Development Selection process

("TMDS") to select Team Managers in each Division. The process was developed in conjunction with an outside company, Aon Consulting. The TMDS process involved the evaluation of candidates by the management team within their Department and Division on numerous criteria. The process consisted of two phases. During the first phase, the applicants took a written test and were evaluated by Division management on various criteria through the use of "Personal Capabilities Assessments". After the test and assessments were scored, the candidates were ranked based on their scores, and the top ranking candidates were selected to move into the second phase as finalists. In addition, the TMDS selection committee reviewed the finalist list, and might elevate additional candidates from the first phase for "diversity" reasons. During the second phase, the finalists participated in interviews and team exercises and were scored on their performance. During phase two, the finalists were ranked based on their scores, with the top ranking candidates being selected for team manager positions as available.

The plaintiff applied for a team manager position in 1995, 1996, 1997 and 1998. In 1995, the plaintiff's score in phase one was not high enough to be selected as a finalist, but the selection committee moved her into phase two as a

finalist based upon "diversity" considerations. In 1996, the plaintiff's score alone in phase one made her eligible to be a finalist. However, in both 1995 and 1996, the plaintiff's rankings in phase two were not high enough to permit her selection as a team manager. In 1997 and 1998, the plaintiff was not selected as a finalist based on her ranking at the end of phase one.

The plaintiff filed a charge of discrimination with the EEOC in September of 1997, alleging discrimination and retaliation connected to her failure to receive various positions. The focus of the plaintiff's charge, however, was her claim that she had not been promoted to a team manager position. The plaintiff continues to be employed by the defendant, but claims that she has been subjected to retaliation following the filing of her EEOC charge.

II. **STANDARD OF REVIEW:**

Summary judgment is appropriate when "there is no genuine issue of material fact." *Fed.R.Civ.P.* 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact

to find for the non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the plaintiff because she is the litigant opposing summary judgment. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*:

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>*." Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

*Id*. at 871.

III. **DISCUSSION:**

The defendant seeks dismissal of the plaintiff's claims on the basis that (1) the plaintiff's claims that arose prior to November 26, 1996 are time-barred; (2) the plaintiff's claims outside the scope of her EEOC charge are barred; (3) as to the remaining claims of disparate treatment, Eastman had a legitimate, non-discriminatory reasons for the treatment, for which the plaintiff can show no evidence of pretext; and (4) plaintiff cannot establish a *prima facie* case as to the remaining claims of retaliation.

A. **STATUTE OF LIMITATION:**

Plaintiff concedes that her claims for discrete acts of disparate treatment arising prior to November 26, 1996 are time-barred. ACCORDINGLY, the defendant's motion for summary judgment as to these claims will be granted and these claims will be **DISMISED.**

B. **CLAIMS OUTSIDE THE SCOPE OF THE EEOC CHARGE:**

It is clearly established that the timely filing of a charge of discrimination with the EEOC is a statutory prerequisite to the filing of a Title VII complaint. *Davis v. Sodexho*, 157 F. 3d 460, 463 (6th Cir. 1998). The plaintiff's filed charge

complains primarily about various promotions or job assignments she did not receive, but for which she believes she was qualified. The primary focus of her charge, in which she was represented by the same counsel that is before this Court, was her failure to be promoted to team manager in 1997. It is clear that the plaintiff also provided information to the EEOC, and the EEOC did in fact investigate, regarding her claims that she was denied Team Manager positions in 1998 and 1999, and that she was retaliated against for filing her charge with the EEOC.

The plaintiff seeks to expand the scope of her charge, asserting that the length of the EEOC investigation, and voluminous documents produced bring other acts of discrimination and retaliation not identified in the charge within the scope of the charge, even to the extent that the plaintiff seeks to include claims arising after the EEOC closed its file.

For these other claims to be considered in the scope of the charge, the plaintiff must allege facts which would prompt the EEOC to investigate uncharged claims, or the EEOC must have actually investigated such claims. *Young v. Daimler Chrysler Corp.*, 52 Fed. Appx. 637, 640 (6th Cir. 2002). Plaintiff has simply not set forth any legitimate basis to believe that sufficient facts were alleged to prompt the EEOC to investigate claims other than her failure to be promoted to

Team Manager in 1997, 1998, and 1999 or retaliation for the filing of her charge. Accordingly, the plaintiff's claims, other than her claim that she was denied Team Manager positions in 1997, 1998 and 1999 in violation of Title VII, and that she was retaliated against for the filing of a charge with the EEOC, will be **DISMISSED**.

C. **PRETEXT OF REASONS FOR ADVERSE EMPLOYMENT DECISION:**

Defendant concedes that the plaintiff has set forth a *prima facie* case of discrimination and retaliation under Title VII. Accordingly, the burden shifts to the defendant to produce evidence that the adverse employment actions against this plaintiff were for a legitimate non-discriminatory reason. Defendant has set forth a legitimate non-discriminatory reason for its failure to promote the plaintiff to Team Manager, that is, that those selected for the Team Manager position were better qualified than the plaintiff. Accordingly, the burden shifts back to the plaintiff to prove that the legitimate reason proffered by the defendant was merely a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106 (2000). In order to make out a case for pretext, the employee must show:

> Either (1) that the proffered reasons had no basis *in fact*,

> (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

*Manzer v. Diamond Shamrock Chemicals Co.*, 29 F. 3d 1078, 1084 (6th Cir. 1994) (quoting *McNabola v Chicago Transit Authority*, 10 F. 3d 501, 513 (7th Cir. 1993)).

The plaintiff has failed to set forth material proof that the defendant's legitimate non-discriminatory reasons are pretextual, relying almost entirely upon the statistical report of her expert, Dr. Mark Bendick,[1] and the plaintiff's own subjective beliefs about her qualifications as compared to the employees that were promoted.[2] Careful review of the affidavit of Dr. Bendick reflects that his statistical analysis is not supportive of the plaintiff's individual allegations, but rather relates to alleged systemic disparate impact, more appropriately addressed to the class claims that the plaintiff's counsel has sought to include.[3] Even if the

---

[1] The Court is cognizant of the fact that the defendant has filed motions to exclude from the Court's consideration the expert report of Mark Bendick as well as certain other evidence as inadmissible. However, for purposes of ruling on the motion for summary judgment, the Court will presume that all evidence before it is admissible at trial.

[2] As acknowledged by the plaintiff, the opinion of Dr. Bendick more appropriately addresses a class claim or claim for disparate impact. While the plaintiff seems to be arguing a claim of disparate impact in her response to the motion for summary judgment, there is no such claim alleged in her complaint, nor has the plaintiff sought to amend her complaint to pursue a claim for disparate impact. Accordingly, the opinions of Dr. Bendick have little probative value as to the plaintiff's individual claim of discrimination..

[3] Nearly two years after the filing of plaintiff's complaint, and during the pendency of defendant's motion for summary judgment, plaintiff's counsel filed a motion seeking to add class allegations. In view of the Court's ruling on defendant's motion for summary judgment, the motion to amend is moot.

statistical report provided some inference of discrimination as to plaintiff, the statistics are insufficient to overcome summary judgment absent some other direct or circumstantial evidence suggesting that the defendant's non-discriminatory reasons are pretextual. *Hopson v. Daimler Chrysler Corp.*, 306 F. 3d 427, 438 (6th Cir. 2002).

The plaintiff has failed to offer material proof that the defendant's statement it selected the most qualified candidates for the Team Manager positions is a pretext for discrimination. In asserting that the plaintiff was more qualified than other employees who were selected, she does not provide any material proof that she was better qualified, but only relies upon her own subjective self-assessment and her perceptions of other employee's qualifications. "It is the manager's motivation that is the key factor, not the employees' perception or even the perception of her co-workers about the employee's abilities or skills." *Shapira v. Lockheed Martin Corp.*, 88 F. Supp. 2d 813, 829 (E.D. Tenn. 1998). Plaintiff's subjective determination that she is more qualified is irrelevant. *Lagrant v. Gulf and Western Mfg. Co.*, 748 F. 2d 1087, 1090-91 (6th Cir. 1984).

Plaintiff also attempts to show pretext by arguing that there were inconsistencies in how she was scored and in feedback she received from year to

year. However, the defendant provides a perfectly legitimate reason for these perceived discrepancies in that the plaintiff was competing against a different group of candidates each year, and different individuals evaluated the various components of the selection process each year. Additionally, the plaintiff attempts to equate subjectivity in the selection process with pretext. However, the plaintiff cites no authority for this proposition, nor is such authority likely to exist. Inherent in nearly every hiring or promotion is some subjective determination of what employee is the best fit for a particular job. That is but a fact of the employment process, and is not evidence of pretext. While employees who scored lower than the plaintiff on the written test may have been selected for some management positions, there is no proof those employees did not legitimately do better in the interview and team exercises. Further, the plaintiff ignores that many men were passed over for promotion who had higher test scores for the same reason. Accordingly, plaintiff has not met her burden of showing that defendant's legitimate non-discriminatory reasons for not promoting plaintiff were pretextual. No material issue of fact, therefore, exists and summary judgment will be **GRANTED** as to plaintiff's claims of discrimination.

D. **RETALIATION:**

Plaintiff alleges that various individuals retaliated against her following the filing of her EEOC charge. In order to prove a *prima facie* case for retaliation, the plaintiff must prove that (1) she engaged in activity protected by Title VII; (2) the defendant knew of the exercise of the plaintiff's rights; (3) the employer took employment action adverse to the employee; and (4) there was a causal connection between the protected activity and the adverse employment action. *White v. Burlington Northern and Santa Fe Railway, Co.*, 310 F. 3d 443 (6th Cir. 2002).

The defendant argues that the plaintiff cannot establish the knowledge element of her *prima facie* case. The undisputed facts reflect that the only supervisory employee who had knowledge of the plaintiff's charge was Don Sanders, who testified that he told no one about the charge. No allegation is made that Mr. Sanders engaged in retaliatory conduct. Plaintiff has failed to establish that each of the decision-makers, as to each alleged adverse employment action that she contends was in retaliation for the filing of her charge, had knowledge of the charge. Because the plaintiff has failed to pinpoint facts sufficient to establish a material dispute as to whether the decision-makers had knowledge of her charge, she cannot prove a *prima facie* case of retaliation. Accordingly, the plaintiff's

claim of retaliation will be **DISMISSED**.

An order consistent with this opinion shall enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE